T.C. Summary Opinion 2004-84


UNITED STATES TAX COURT


DERRICK ELKINS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6262-03S.                    Filed June 24, 2004.


Derrick Elkins, pro se.

Amy Dyar Seals, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $5,801 for the 1999 taxable year and $4,039 for the 2000 taxable year.

After concessions by respondent,[1] the issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for 1999 and 2000; (2) whether petitioner is entitled to head-of-household filing status for 1999 and 2000;[2] (3) whether petitioner is entitled to child tax credits for 1999 and 2000; (4) whether petitioner is entitled to a credit for child and dependent care expenses of $400 for 1999; and (5) whether petitioner is entitled to charitable contribution deductions of $3,654 for 1999 and $5,002 for 2000.[3]

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Charlotte, North Carolina.

---

[1] Respondent concedes that, of the $7,447 claimed by petitioner for the 1999 taxable year, petitioner is entitled to a charitable contribution deduction of $3,793. Respondent further concedes that petitioner is entitled to a charitable contribution deduction of $200 for the 2000 taxable year.

[2] Respondent determined that petitioner was entitled to a filing status of married filing separately for the 1999 and 2000 taxable years.

[3] Respondent determined that petitioner was entitled to the standard deduction for 1999 and 2000, since after respondent's disallowance of charitable contribution deductions in the notice of deficiency, the standard deduction was greater than the claimed itemized deductions for the corresponding taxable year.

Petitioner filed Federal income tax returns for taxable years 1999 and 2000. In each return, petitioner filed as a "head of household" and claimed dependency exemption deductions. For 1999, petitioner claimed dependency exemption deductions for Jaleshia Stackhouse (Jaleshia), Caletta Pressley (Ms. Pressley), and Tyra Postles (Tyra).[4] Jaleshia is petitioner's daughter, who was 9 years old in 1999 and who lived with petitioner during the years in issue. Petitioner described Ms. Pressley as "a friend", who was 32 years old in 1999 and who, along with Tyra, moved in with petitioner for about 9 months, starting after February 1999. Ms. Pressley is the biological mother of Tyra, who was born February 15, 1999.

For 2000, petitioner claimed dependency exemption deductions for Sabrina Stackhouse (Ms. Stackhouse) and Jaleshia. Ms. Stackhouse, who was 31 years old in 2000, is the biological mother of Jaleshia. She moved in with petitioner sometime after March 2000. Petitioner testified that he was not married to Ms. Stackhouse during the relevant taxable years.

---

[4] According to respondent, no one else, other than petitioner, claimed the dependency exemption deductions with respect to Jaleisha, Ms. Pressley, or Tyra for the years in issue. Moreover, none of them filed returns for the years in issue.

Petitioner also claimed the following deductions and credits:

| Deduction or Credit | 1999 | 2000 |
|---|---|---|
| Child tax credit | $1,000 | $500 |
| Credit for child and dependent care expenses | 480 | --- |
| Charitable contribution deduction | 7,447 | 5,202 |

1. Burden of Proof

A taxpayer is generally required to substantiate deductions by keeping books and records sufficient to establish the amount of the deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Deductions are a matter of legislative grace, and generally the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The burden of proof has not shifted to respondent pursuant to section 7491(a). While examination of the tax returns in issue commenced after July 22, 1998, petitioner has not satisfied any of the criteria of section 7491(a)(2)(A) and (B). Indeed, we found petitioner's testimony to be questionable or inconsistent at times.

2. Dependency Exemption Deductions

The first issue for decision is whether petitioner is entitled to the claimed dependency exemption deductions for 1999 and 2000. Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent, as defined in section 152. A dependent is defined as an individual, who is either a U.S.

citizen, national, or resident of the United States, over half of whose support is received from the taxpayer. See sec. 152(a) and (b)(3). In order to qualify as a dependent, an individual must also be related to the taxpayer in one of the ways enumerated in section 152(a)(1) through (8), or be an unrelated individual who lives with the taxpayer and is a member of the taxpayer's household throughout the entire taxable year of the taxpayer. See sec. 152(a)(9); Trowbridge v. Commissioner, 268 F.2d 208 (9th Cir. 1959), affg. 30 T.C. 879 (1958); McMillan v. Commissioner, 31 T.C. 1143, 1145-1146 (1959); Turay v. Commissioner, T.C. Memo. 1999-315, affd. per order (D.C. Cir., May 23, 2000); sec. 1.152-1(b), Income Tax Regs.

In the present case, petitioner claimed dependency exemption deductions with respect to four individuals during the years in issue. Of these four, only Jaleshia was related to petitioner as his daughter. See sec. 152(a)(1). For the remaining three individuals who were not related to petitioner, Ms. Pressley and Tyra did not live with petitioner during the entire taxable year of 1999, and Ms. Stackhouse did not live with petitioner during the entire taxable year of 2000. Accordingly, they do not qualify as dependents within the meaning of section 152(a)(9).

Section 152(e)(1) provides a special support test in which the custodial parent is entitled to the dependency exemption deduction "if a child (as defined in section 151(c)(3)) receives

over half of his support during the calendar year from his parents * * * who live apart at all times during the last 6 months of the calendar year". Sec. 152(e)(1)(A)(iii). There is no requirement in the statute that parents have married each other before the special support test of section 152(e)(1) can apply. King v. Commissioner, 121 T.C. 245, 250 (2003). In 1999, petitioner had custody of his daughter Jaleisha, and petitioner and Ms. Stackhouse lived apart at all times. Petitioner thus satisfies the special support test for Jaleisha for 1999, and he is entitled to the dependency exemption deduction for Jaleisha for that taxable year. For 2000, the special support test under section 152(e)(1)(A)(iii) does not apply because petitioner and Ms. Stackhouse lived together during the last 6 months of the calendar year. Petitioner did not provide any information as to the total amount of support provided to Jaleisha from all sources for 2000. The total amount of support for each of the claimed dependents furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). If the total amount of support is not shown and cannot be reasonably inferred from the competent evidence available, it is impossible to conclude that petitioner furnished more than one-half. See id. at 514-515.

We sustain respondent's determination that petitioner is not entitled to dependency exemption deductions for Ms. Pressley,

Tyra, and Ms. Stackhouse for the 1999 and 2000 taxable years and for Jaleisha for the 2000 taxable year. However, we conclude that, under the special support test of section 152(e)(1)(A)(iii), petitioner is entitled to the dependency exemption deduction for Jaleisha for the 1999 taxable year.

3. Filing Status

To qualify as a head of household, a taxpayer must satisfy the requirements of section 2(b). Under section 2(b), a taxpayer shall be considered a head of household if he or she is not married at the close of the taxable year, is not a surviving spouse, and, among other choices, maintains as his or her home a household which constitutes for more than half of such taxable year the principal place of abode, as a member of such household, of either an unmarried daughter of the taxpayer or any other person who is a dependent of the taxpayer if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Sec. 2(b)(1)(A); sec. 1.2-2(b)(3)(ii), (c)(1), Income Tax Regs. A taxpayer shall be considered as maintaining a household only if he or she pays more than one-half of the cost thereof for the taxable year. Sec. 1.2-2(d), Income Tax Regs.

In the present case, respondent determined that petitioner was not entitled to head-of-household filing status for 1999 and 2000. We have sustained respondent's determination that Ms.

Pressley, Tyra, and Ms. Stackhouse were not petitioner's dependents.  Moreover, although Jaleisha lived with petitioner for more than one-half of the year during 1999 and 2000, petitioner has not provided any evidence that he paid more than one-half of the cost of maintaining a household during the relevant taxable years.[5]  Accordingly, petitioner is not entitled to head-of-household filing status for 1999 and 2000, and to that extent, we sustain respondent's determination.

Respondent also determined that petitioner is entitled to a filing status of married filing separately for the taxable years in issue.  However, respondent's determination is inconsistent with petitioner's testimony that he was not married to either Ms. Stackhouse or Ms. Pressley.  And while the record seems to indicate that petitioner was single during the 1999 and 2000 taxable years, respondent did not argue at the time of trial that petitioner's filing status was married filing separately.  We therefore conclude that petitioner is entitled to the filing status of single for the years in issue.

## 4.  Child Tax Credit

Section 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the

---

[5]  Other individuals who lived with petitioner, such as Ms. Pressley and Ms. Stackhouse, could have paid more than one-half of the cost of maintaining the household during the years in issue.

taxpayer". The term "qualifying child" means any individual if three tests are satisfied. Sec. 24(c)(1).

In the present case, Tyra is not a qualifying child because petitioner is not allowed a deduction under section 151 with respect to her for 1999. See sec. 24(c)(1)(A). With respect to Jaleisha, however, we have concluded that petitioner is entitled to a dependency exemption deduction for her for 1999, but not for 2000. Moreover, Jaleisha satisfies the relationship test and age test for 1999 and 2000. See sec. 24(c)(1)(B) and (C). Accordingly, she is a qualifying child for the 1999 taxable year, and petitioner is entitled to the child tax credit for Jaleisha for 1999. To that extent, we do not sustain respondent's determination on this issue.

5. Credit for Child and Dependent Care Expenses

Section 21(a)(1) provides for a credit against tax in the case of "an individual who maintains a household which includes as a member one or more qualifying individuals" and in an amount equal to the applicable percentage of the "employment-related expenses" paid by such individual during the taxable year. The term "qualifying individual" means, among other things, a dependent of the taxpayer who is under the age of 13 and with respect to whom the taxpayer is entitled to a deduction under section 151(c). Sec. 21(b)(1)(A). The term "employment-related

expenses" includes expenses for certain dependent care centers. Sec. 21(b)(2)(A), (C), (D).

In the present case, petitioner claimed the credit under section 21(a) with respect to Jaleshia for 1999. We have concluded that petitioner was entitled to dependency exemption deduction for Jaleisha for that taxable year, and thus, Jaleshia is a qualifying individual. However, petitioner could not and did not substantiate that he incurred any employment-related expenses within the meaning of section 21(b)(2), and evidence in the record suggests that the dependent care center was no longer in operation during 1999. Accordingly, petitioner is not entitled to the credit for child and dependent care expenses for 1999. We sustain respondent's determination on this issue.

6. Charitable Contribution Deductions

Section 170(a)(1) allows as a deduction a charitable contribution payment of which is made within the taxable year. A charitable contribution includes a contribution or gift to or for the use of a corporation, trust, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. Sec. 170(c)(2)(B).

If a taxpayer makes a charitable contribution in cash or by check, the taxpayer shall maintain for each contribution either a canceled check, a receipt or letter from the donee charitable organization, or other reliable written records showing the name

of the donee and the date and amount of the contribution.
Cavalaris v. Commissioner, T.C. Memo. 1996-308; sec. 1.170A-13(a)(1), Income Tax Regs.  If the contribution is made in property other than money, the taxpayer must also maintain a receipt or letter from the donee showing the name of the donee, the date and location of the contribution, and a description of the property.  Sec. 1.170A-13(b)(1), Income Tax Regs.  In the case where a receipt would be impractical to obtain, the taxpayer shall maintain reliable written records with respect to each item of donated property.  Id.  A deduction for a contribution of $250 or more will not be allowed unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment from the donee organization.  Sec. 1.170A-13(f)(1), Income Tax Regs.

Petitioner presented two receipts from the Salvation Army, one for 1999 and another for 2000.  While neither of these receipts lists the value of the donated items, respondent concedes that petitioner is entitled to a charitable contribution of $200 for each receipt.[6]  Petitioner, however, testified that he donated more items than those listed on such receipts.

---

[6] As we indicated earlier, respondent concedes that petitioner is entitled to charitable contribution deductions of $3,793 for the 1999 taxable year and $200 for the 2000 taxable year.  The $3,793 concession for the 1999 taxable year is based upon (1) one of the two receipts from the Salvation Army, (2) a $68 donation to the Army/Navy Store, and (3) a $3,525 donation of an automobile to the National Kidney Foundation.  The $200 concession for the 2000 taxable year is based upon the other receipt from the Salvation Army.

Petitioner also testified that he contributed money to his church, but did not provide any details to support these contributions.  We are not required to accept petitioner's self-serving testimony.  <u>Patterson v. Commissioner</u>, T.C. Memo. 1996-146.  Accordingly, respondent is sustained on this issue to the extent not conceded by him.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered under Rule 155</u>.