ROBERT WOODROW TROWBRIDGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64547. Filed July 8, 1958.

*Robert Woodrow Trowbridge, pro se.*
*Edward H. Boyle, Esq.,* for the respondent.

TIETJENS, *Judge:* The Commissioner determined a deficiency in income tax for the year 1954 in the amount of $377.

The only question for decision is whether petitioner could properly claim dependency exemptions for a woman and her two minor sons who lived in petitioner's home from March 5, 1954, through the remainder of the year.

### FINDINGS OF FACT.

Petitioner is an individual residing in Laton, California. He filed his individual income tax return for 1954 with the district director of internal revenue in San Francisco, California.

On his 1954 return petitioner claimed exemptions for himself and for three other persons consisting of a woman and her two minor sons. They were not related to petitioner by blood or marriage. These persons came to live in petitioner's home about March 5, 1954, and continued to reside there during the remainder of the year.

The Commissioner disallowed the exemptions claimed for the three dependents because they were not related to petitioner by blood or marriage and did not have petitioner's home as their principal place of abode during the entire year 1954.

### OPINION.

The only question raised in this case is whether the claimed dependents fall within the definition of a dependent contained in section 152 (a) (9), I. R. C. 1954. That section defines a dependent to be—

An individual who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or

The issue is narrowed to the meaning of the phrase "for the taxable year of the taxpayer." Concededly the claimed dependents did not live in petitioner's home during the entire year 1954. They did not live at petitioner's home nor become members of his household until March of that year. The Commissioner's Income Tax Regulations, 1954 Code, section 1.152–1 (b), state, in part:

Section 152 (a) (9) applies to any individual * * * who lives with the taxpayer and is a member of the taxpayer's household during the *entire taxable year* of the taxpayer. * * * The taxpayer and dependent will be considered as occupying the household for such entire taxable year notwithstanding temporary absences from the household due to special circumstances. * * * [Emphasis supplied.]

If the regulations correctly interpret the Code, the Commissioner's action must be approved. We think the regulations are correct.

To sustain petitioner's view we would have to construe the words "for the taxable year" as meaning "for a part of," or "during some part of," or "at any time during," the taxable year. But in its ordinary sense the word "for" as defined in Webster's New International Dictionary (2d ed. 1953) means "[e]xpressing duration of time or extension of space; during; throughout; in or through the space or time of; to the extent of." Most of these definitions, if applied here, indicate to us that the individuals claimed as dependents must have been members of petitioner's household throughout the taxable year in order to meet the statutory requirement for a dependent. They were not.

The interpretation placed on section 152 (a) (9) in the regulations also finds support in the report of the Ways and Means Committee of the House and the report of the Finance Committee of the Senate where it is stated:

Paragraph 9 is intended to apply only when the taxpayer and such other members of his household live together in such household during the entire taxable year (except for temporary absences due to special circumstances).

H. Rept. No. 1337, 83d Cong., 2d Sess. (1954), p. A41; S. Rept. No. 1635, 83d Cong., 2d Sess. (1954), p. 193.

Petitioner has not shown error in the Commissioner's determination.

*Decision will be entered for the respondent.*