Edward J. Stoll and Elsie R. Stoll v. Commissioner.
Stoll v. Commissioner
Docket No. 71184.
United States Tax Court
T.C. Memo 1959-179; 1959 Tax Ct. Memo LEXIS 69; 18 T.C.M. (CCH) 792; T.C.M. (RIA) 59179; September 24, 1959
Edward J. and Elsie R. Stoll, pro se, 3674 Buckingham Road, Detroit, Mich. John J. Yurow, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: A deficiency has been determined by respondent in petitioners' income tax for the taxable year 1955 in the amount of $132. The only issue for decision here presented is whether petitioners are entitled to a dependency exemption for 1955 for their foster daughter, Mary Ann. This case was presented to the Court upon a stipulation *70 of facts, which stipulation is hereby by this reference adopted as our findings of fact. The petitioners are husband and wife residing in Detroit, Michigan. They filed a joint income tax return for the taxable year ended December 31, 1955, with the district director of internal revenue at Detroit, Michigan. Pursuant to an application filed by the petitioners, a minor child named Mary Ann Ritchie was placed in their home by the Children's Aid Society of Detroit, Michigan, on April 29, 1955. Mary Ann was born on July 19, 1946. She is not related to either of the petitioners by blood or marriage. Since April 29, 1955, Mary Ann has continuously resided in petitioners' home and has been completely dependent upon them for support. Petitioners provided more than half of the support of Mary Ann for the calendar year 1955. On June 9, 1955, petitioners filed a petition for the adoption of Mary Ann with the Probate Court for the County of Wayne in the State of Michigan and, after the carrying out of certain adoption procedures prescribed by the law of that state, an order was entered on July 2, 1956, decreeing the final adoption by petitioners of Mary Ann, changing her surname to Stoll. *71 No serious contention is made here that Mary Ann was in an adopted status during 1955 and it is clear from an examination of Michigan Statutes Annotated, section 27.3178 (541) through (547), that no adoption took place until the entry of the order of adoption by the probate court above mentioned. It is stipulated however that she did become a dependent of petitioners on April 29, 1955. The primary contention of the petitioners is with respect to the wording of section 152(a)(9) of the Internal Revenue Code of 1954. It is there provided that a dependency exemption may be taken by the taxpayer for - "An individual who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household * * *" Petitioners contend that respondent's construction of the words "for the taxable year" in section 1.152-1(b) of his Income Tax Regulations construes the phrase as meaning for the entire taxable year of the taxpayer. Petitioners urge that this construction falls outside the framework of the statute as passed by Congress and is therefore invalid. We have heretofore passed upon this exact issue in *72 Robert Woodrow Trowbridge, 30 T.C. 879, affd. per curiam 268 F. 2d 208, and have there determined that the words of the statute, "for the taxable year of the taxpayer," mean that in order to be deductible the $600 dependency exemption must be with respect to a member of the taxpayer's household for his entire taxable year. The same issue was reconsidered very recently by this Court in Archibald W. McMillan, 31 T.C. 1143. The latter case was factually on all fours with the case before us. Again we upheld the Commissioner's construction of section 152(a)(9). On the authority of the cited cases respondent's determination must be upheld. Decision will be entered for the respondent.