Svante J. Widen v. Commissioner.
Widen v. Commissioner
Docket No. 1735-69-SC.
United States Tax Court
T.C. Memo 1969-134; 1969 Tax Ct. Memo LEXIS 158; 28 T.C.M. (CCH) 695; T.C.M. (RIA) 69134; June 30, 1969, Filed Svante J. Widen, pro se, Route 5, Box 167, Bremerton, Wash. Gary C. Randall, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency of $114 in petitioner's income tax for the taxable year 1967. The sole issue is whether petitioner can properly claim a dependency exemption for a woman who lived in petitioner's home from January 17, 1967, through the remainder of the year. All of the facts are stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Svante J. Widen filed a Federal income tax return for the calendar year 1967 with the district director *159 of internal revenue, Seattle, Washington. Petitioner lived in Bremerton, Washington, at the time of filing of such return as well as at the time he filed his petition herein. Petitioner claimed Mary Ann Jones (hereinafter referred to only as Mary Ann) as a dependent on his Federal income tax return for 1967. She was married at that time to Marvin R. Jones but did not live with him during the year 1967. Prior to January 17, 1967, Mary Ann was living with her sister. Mary Ann learned at that time of her sister's impending marriage and that she would have to live elsewhere. After discussing the problem with Mary Ann, her mother asked petitioner if he would support Mary Ann Mary Ann and petitioner were then contemplating marriage. Petitioner agreed to the mother's request. Mary Ann moved into the house on or about January 17, 1967. Until the time Mary Ann moved into petitioner's house, petitioner was the sole occupant. At that time Mary Ann was expecting a child. The child, Edward A. Jones (hereinafter referred to only as Edward) was 696born during January 1967 shortly after Mary Ann had moved into petitioner's house. All of the living expenses during 1967 of Mary Ann and Edward *160 were provided by petitioner. In early 1968, Mary Ann obtained a final decree of divorce from Marvin R. Jones. Petitioner and Mary Ann were married in March 1968. They are still married. On his Federal income tax return for 1967 petitioner claimed dependency exemptions for Mary Ann and Edward. Respondent disallowed only the dependency exemption for Mary Ann. The sole issue for decision is whether petitioner was entitled to a dependency exemption for Mary Ann for 1967. Mary Ann was not related by blood or marriage to petitioner during 1967. Therefore, she was a dependent of petitioner only if she qualified as such under section 152 (a)(9). [1] That section defines a dependent to be "An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household." This Court has previously held that the phrase "for the taxable year of the taxpayer" requires a dependent to have had his abode in the taxpayer's home during the entire taxable year. Robert Woodrow Trowbridge, 30 T.C. 879 (1958), affd. *161 per curiam 268 F. 2d 208 (C.A. 9, 1959); Archibald W. McMillan, 31 T.C. 1143 (1959). In the case at bar petitioner was a calendar year taxpayer. Mary Ann did not move into petitioner's home until January 17th of the taxable year in issue. Accordingly, she did not qualify as a dependent of petitioner under section 152(a)(9). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended.↩