Joseph F. Amaro v. Commissioner.
Amaro v. Commissioner
Docket No. 4906-69 SC.
United States Tax Court
T.C. Memo 1970-208; 1970 Tax Ct. Memo LEXIS 153; 29 T.C.M. (CCH) 914; T.C.M. (RIA) 70208; July 22, 1970, Filed Joseph F. Amaro, pro se, 4618 First St., Pleasanton, Calif.Joel A. Sharon, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax for the taxable years 1965 and 1966: Year
Deficiency
1965
$451.07
1966
443.53
The issues presented for decision are: (1) the number of The issues presented for decision *155 are: (1) the number of dependency exemptions to which petitioner is entitled for the years 1965 and 1966; (2) whether petitioner qualified as head of a household during the taxable year 1965; and (3) whether petitioner properly filed a joint return for the taxable year 1966. Findings of Fact Petitioner, Joseph F. Amaro, was a resident of Pleasanton, California, at the time of the filing of his petition in this case. Petitioner filed a separate Federal income tax return for the taxable year 1965 and a joint Federal income tax return for the taxable year 1966 with the district director of internal revenue, San Francisco, California. Petitioner and Elizabeth Amaro (also known as and hereinafter referred to as 915 Betty) were married on August 12, 1938. They separated on June 6, 1962, and were divorced in October 1963. Under the terms of the divorce Betty was awarded custody of the minor children. Petitioner and Betty had eight children, of which the dependency exemptions of three, Joseph, Raymond, and Elizabeth, are at issue in this case. The children resided with their mother during the taxable years at issue. Petitioner claimed dependency exemptions for such children in his *156 1965 income tax return and an exemption for Raymond alone in his 1966 return. Petitioner paid approximately $1,200 in 1965 and $700 in 1966 toward the support of these children. Respondent disallowed the claimed deductions on the ground that petitioner failed to establish that he furnished over one-half of the total support of such children during the taxable years at issue. In 1966 petitioner invited one Phyllis Robertson (hereinafter referred to as Phyllis) and her two children, Michael and Patricia, to reside with him at his California home. In addition, he agreed to support Phyllis and her children while they resided with him. Thereafter, on June 18, 1966, Phyllis and her two children moved into the home of petitioner and continued to reside there for the balance of petitioner's taxable year 1966. During this period petitioner furnished the sole support of Phyllis and her children. Prior to June 18, 1966, Phyllis resided with her children in the State of Nevada and received no support from petitioner. Petitioner and Phyllis were not legally married during 1966. Petitioner filed a joint Federal income tax return with Phyllis for the taxable year 1966. On this return he claimed *157 dependency exemptions for Phyllis and her two children. All the income reported on petitioner's 1966 return was attributable to petitioner; Phyllis had no income during such year. Respondent determined that petitioner was not entitled to file a joint return with Phyllis for 1966 since he had not been legally married to her in that year. In addition, respondent disallowed the claimed dependency exemptions for Phyllis, Michael, and Patricia on the ground that they were not dependents of petitioner in 1966. Petitioner employed the head of household rates as provided by section 1(b) in determining his income tax liability for 1965. Respondent denied petitioner the use of such rates on the ground that petitioner did not qualify as head of household in 1965. Opinion Petitioner has claimed dependency exemptions for his three children from a prior marriage, Joseph, Raymond, and Elizabeth, for his taxable year 1965 and has claimed an exemption for Raymond alone in 1966. Petitioner is entitled to dependency exemptions for such children only if he has furnished more than half of their support during the taxable years at issue. See sections 151 and 152, Internal Revenue Code of 1954. [1] *158 In determining whether petitioner has furnished over half of the support of his children, the amount of support received by his children from petitioner is to be compared with the total support of the individual from all sources. Section 1.152-1(a)(2)(i), Income Tax Regs. Petitioner has established, by testimony, only the amount of his own contributions to his 916 former wife for the support of his children - $1,200 in 1965 and $700 in 1966; he has candidly acknowledged at trial ignorance of their total support. Lacking proof of their total support, we are compelled to uphold respondent's disallowance of the claimed dependency exemptions in 1965 and 1966. It is also clear that petitioner's use of the head of household rates for 1965 was improper. Petitioner did not qualify as the head of a household in such year since his home did not constitute the principal place of abode of his child or other dependent during the taxable year as required by section 1(b)(2). [2]
*159 Petitioner filed a joint return with Phyllis in 1966. Respondent maintains, and we agree, that petitioner and Phyllis are precluded from filing a joint return for 1966 since they were not husband and wife during such year. Section 6013 provides for the filing of a joint return by a "husband and wife." The plain meaning of the quoted phrase is that only a couple legally married can avail themselves of the benefits of section 6013. See Alfred L. Von Tersch, Jr., 47 T.C. 415 (1967). Petitioner and Phyllis were not married by ceremony in 1966. Nor did their residence together in 1966 constitute a common-law marriage under applicable State law. See Rev. Rul. 58-66, 1958-1 C.B. 60. Neither the law of California, in which State petitioner resided with Phyllis, nor the law of Nevada, where Phyllis formerly resided and agreement was reached concerning the future relationship of petitioner and Phyllis, recognized common-law marriages in 1966. See Cal. Civil Code, secs. 55, 57; and Nevada Revised Stat., sec. 122.010. As to the dependency exemptions for Phyllis and her children, it is abundantly clear that respondent *160 has properly disallowed such exemptions for the year 1966. Since Phyllis was not the spouse of petitioner in that year she obviously did not qualify as an exemption under section 151(b). Nor did Phyllis or her children, who were not related to petitioner by blood or marriage, qualify as dependents within the meaning of section 152(a) in 1966. They were not members of petitioner's household and did not have as their principal place of abode the home of petitioner for the entire taxable year 1966, as required by section 152(a)(9). Section 1.152-1(b), Income Tax Regs.; Trowbridge v. Commissioner, 268 F. 2d 208 (C.A. 9, 1959), affirming per curiam 30 T.C. 879 (1958). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. (b) Taxpayer and Spouse. - An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer * * * * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, * * * * * * ↩
2. SEC. 1. TAX IMPOSED. (b) Rates of Tax on Heads of Households. - * * * (2) Definition of head of household. - For purposes of this subtitle, an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son, stepson, daughter, or stepdaughter * * * or (ii) any other person who is a dependent of the taxpayer * * * * * *↩