T.C. Memo. 1997-355

UNITED STATES TAX COURT

JAMES B. GOLDEN, JR. AND RAYLIENE GOLDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21417-96.                    Filed August 4, 1997.

James B. Golden, Jr., and Rayliene Golden, pro se.

<u>Carmino J. Santaniello</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1995 in the amount of $1,400.

After a concession by respondent,[2] the issue remaining for decision is whether petitioners are entitled to an exemption deduction for Miguel Angel Castellon Acosta (Miguel).

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in South Windsor, Connecticut, on the date the petition was filed in this case.

Miguel arrived in the United States on December 6, 1995, as a refugee from a migrant camp in Guantánamo Bay, Cuba. He was sponsored by the Office of Migrant Services of the United States Catholic Conference of the Archdiocese of Hartford, Connecticut. Miguel was 20 years old when he arrived in the United States. His only belongings were the clothes he was wearing.

Petitioners welcomed Miguel into their home on December 6, 1995, and he presently still resides there. Since his arrival in the United States, Miguel has obtained his graduate equivalency diploma from East Catholic High School, has found a job that provides him with medical benefits, and currently attends Manchester Community College.

On the advice of their accountant, petitioners claimed an exemption deduction for Miguel on their 1995 return.

---

[2] Respondent concedes that petitioners are entitled to a dependency exemption deduction for James Aiello, petitioner wife's son from a previous marriage.

In the statutory notice of deficiency, respondent disallowed the claimed deduction.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioners bear the burden of proving otherwise.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

An individual taxpayer is allowed as a deduction in computing taxable income an additional exemption for each dependent as defined in section 152.   Sec. 151(c)(1).  A dependent is generally defined as an individual who receives over half of his support from the taxpayer in the calendar year in which the taxpayer's taxable year begins.  Sec. 152(a). Individuals listed under this general definition include, among others, an individual who for the taxable year of the taxpayer has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.  Sec. 152(a)(9).

Section 1.152-1(b), Income Tax Regs., provides that an individual is treated as a member of the taxpayer's household under section 152(a)(9) only if he lives with the taxpayer and is a member of the taxpayer's household for the <u>entire</u> taxable year. <u>Trowbridge v. Commissioner</u>, 268 F.2d 208 (9th Cir. 1959), affg. per curiam 30 T.C. 879 (1958); <u>Douglas v. Commissioner</u>, T.C. Memo. 1994-519, affd. without published opinion 86 F.3d 1161 (9th Cir. 1996).

According to petitioners, their accountant relied upon language in section 1.152-1(b), Income Tax Regs., that provides that the period during the taxable year preceding the birth of an individual does not prevent such individual from qualifying as a dependent under section 152(a)(9). The accountant concluded that Miguel's situation fell within this exception to the requirement that an individual must be a member of the taxpayer's household for the entire taxable year.

We disagree. The exception provided in section 1.152-1(b), Income Tax Regs., clearly applies only to individuals born during the taxable year. Miguel was not born during 1995. Since Miguel was not a member of petitioners' household during the entire 1995 taxable year, we find that he does not qualify as petitioners' dependent under section 152(a)(9). Moreover, petitioners introduced no evidence of amounts paid for Miguel's support during 1995. We find that they have failed to prove that they provided more than half of Miguel's support during 1995. Rule 142(a).

Accordingly, we hold that petitioners are not entitled to an exemption deduction for Miguel for 1995.

To reflect the foregoing,

Decision will be entered under Rule 155.