T.C. Summary Opinion 2003-49

UNITED STATES TAX COURT

HEATHER LEE COMEAU SLIWINSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9620-01S.                    Filed May 9, 2003.

Heather Lee Comeau Sliwinski, pro se.

Cynthia J. Olson and James Gehres, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to section
7463.[1]  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,341 in petitioner's
Federal income tax.  The issues for decision are whether, during

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

the 2000 taxable year (year at issue), petitioner is entitled to

(1) a dependency exemption deduction,[2] (2) head-of-household

filing status, and (3) the earned income credit (EIC).

## Background

Some of the facts have been stipulated and are so found.

The stipulation of facts and the attached exhibits are

incorporated herein by this reference.  At the time she filed the

petition, petitioner resided in Wolf Creek, Montana.

Petitioner was born in 1981.  Petitioner has three

biological children:  Jacob, Rebekah, and Michael.  The father of

these children is not involved with them, nor does the father

claim these children as dependents.  Petitioner does not receive

assistance from the State to support these children.

In 1999, petitioner purchased from her father a 2-acre tract

of land within his 20-acre ranch.  During the year at issue,

petitioner lived with her children in a cabin located on this 2-

acre tract.  Petitioner paid the monthly expenses, which included

---

[2]  At trial, petitioner raised for the first time that she
is entitled to a dependency deduction for two of her biological
children.  As a general rule, we do not consider an issue raised
for the first time at trial because it has not been properly
pleaded.  Estate of Mandels v. Commissioner, 64 T.C. 61, 73
(1975).  When issues not raised by the pleadings are tried by
implied consent of the parties, however, the issues shall be
treated as if they had been raised in the pleadings.  Rule 41(b).
The parties satisfied Rule 41(b) when they introduced the issue
at trial and acquiesced in the introduction of evidence on that
issue without objection.  LeFever v. Commissioner, 103 T.C. 525,
538 (1994), affd. 100 F.3d 778 (10th Cir. 1996); see also Hardin
v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982).

expenses for propane and gas for the generators to provide electricity.

Petitioner's family has picked nuts for about 15 years. Petitioner has led this activity for the last 5 or 6 years. During the nut-picking season, petitioner and her children go to Utah or Nevada to pick nuts and stay in a small trailer. Petitioner then sells the nuts on a cash basis and earns about $10,000 per season. During the year at issue, petitioner also worked at Goodwill Industries, Denny's Restaurant, and Southern Utah Pecan Ranch.

On her 2000 tax return, petitioner filed under "Head of household" filing status and claimed her stepbrother, Brendin Sliwinski, and her stepsister, Anna Sliwinski, as dependents. Petitioner reported $10,150 on the Schedule C, Profit or Loss From Business, as self-employment income from the nut picking, and $3,780 in wages. After claiming the EIC, petitioner claimed a refund of $2,341.

In the notice of deficiency, respondent determined that petitioner was not the custodial parent of the claimed dependents, changed her filing status to "Single", disallowed her Schedule C self-employment income, and denied her claim to the EIC.[3] As a result, respondent denied petitioner's refund.

---

[3] The notice of deficiency reports that the year at issue is 2001. We note that the year at issue is 2000 as shown on petitioner's tax return, the petition, and forms attached to the

Petitioner filed a timely petition disputing respondent's determinations.

After the petition was filed, petitioner filed an amended tax return in which she claimed two of her biological children, Rebekah and Michael, as dependents.  Petitioner received the birth certificates and Social Security numbers for Rebekah and Michael after she filed her original tax returns.  The birth certificates state that Rebekah was born on October 27, 1998, and Michael was born on October 30, 2000.

## Discussion

At trial, petitioner conceded that she is not entitled to dependency exemption deductions for her stepbrother and stepsister.  Petitioner, however, argues that she is entitled to dependency exemption deductions for two of her biological children, Rebekah and Michael, and is entitled to the EIC. Petitioner bears the burden of proof.[4]  Rule 142(a).  As an initial matter, we found petitioner's testimony to be credible.

---

notice of deficiency (i.e., Form 4549-CG-S, Income Tax Examination Changes; Form 886-A, Explanation of Items).  Further, the notice of deficiency was issued on May 5, 2001.

[4]  Petitioner did not argue that the burden of proof should be shifted pursuant to sec. 7491(a).  Further, we do not find that the resolution of this case depends on which party has the burden of proof.  We resolve the issues on the basis of a preponderance of evidence in the record.

Dependency Exemption Deduction

Section 151 allows a deduction for exemptions provided by that section. Sec. 151(a). A taxpayer is allowed an exemption for each dependent, as defined in section 152, if the dependent, for the taxpayer's calendar year, (1) has gross income less than the exemption amount, or (2) is a child of the taxpayer and has not attained the age of 19 or is a student who has not attained the age of 24. Sec. 151(c)(1).

A dependent is an individual listed in section 152(a), over half of whose support is received from the taxpayer. Sec. 152(a). In order to qualify as a dependent, the individual must be related to the taxpayer in one of the ways enumerated in section 152(a)(1) through (8), or, if the individual is unrelated to the taxpayer, the individual must live with the taxpayer and be a member of the taxpayer's household throughout the entire taxable year of the taxpayer. Sec. 152(a)(9); Trowbridge v. Commissioner, 268 F.2d 208 (9th Cir. 1959), affg. 30 T.C. 879 (1958); Turay v. Commissioner, T.C. Memo. 1999-315; Butler v. Commissioner, T.C. Memo. 1998-355; sec. 1.152-1(b), Income Tax Regs.

We conclude that Rebekah and Michael are dependents of petitioner because they are the daughter and son, respectively, of petitioner, as shown by their birth certificates, and petitioner credibly testified that she provided more than half of

their support in 2000.  Sec. 152(a); see <u>Lilley v. Commissioner</u>,
T.C. Memo. 1989-602 (taxpayer is entitled to dependency exemption
based upon his credible testimony that he supplied over half of
the support for his daughter).  Further, we hold that petitioner
is entitled to a deduction for the exemption amount for Rebekah
and Michael because Rebekah and Michael are children of
petitioner who have not attained the age limits provided for in
section 151(c)(1)(B).

<u>Head-of-Household Filing Status</u>

In order to qualify for head-of-household filing status,
petitioner must satisfy the requirements of section 2(b).
Pursuant to section 2(b), and as relevant therein, an individual
qualifies as a head of household if the individual is not married
or a surviving spouse at the close of the taxable year and
maintains as his home a household that constitutes for more than
one-half of the taxable year the principal place of abode of a
son or daughter.  Sec. 2(b)(1)(A)(i).  Further, a taxpayer
"maintains a household" if over half of the cost of maintaining
the household is furnished by the taxpayer.  Sec. 2(b)(1).

We conclude that petitioner qualifies for head-of-household
filing status because she is not married or a surviving spouse,
her home was a household that constituted for more than one-half
of 2000 the principal place of abode for her son and daughter,
Michael and Rebekah, respectively, and petitioner credibly

testified that she provided over half the cost of maintaining her household.

Earned Income Credit

Section 32(a)(1) allows an eligible individual an EIC against the individual's tax liability. An eligible individual is any individual who either: (1) Has a "qualifying child" as defined by section 32(c)(3)(A), or (2) has no qualifying child and meets the requirements of section 32(c)(1)(A)(ii). Briggsdaniels v. Commissioner, T.C. Memo. 2001-321.

A "qualifying child" includes a child who satisfies the relationship test, has the same principal place of abode as the taxpayer for more than one-half of the taxable year, and satisfies the age requirements. Sec. 32(c)(3). We conclude that petitioner's children meet these requirements to entitle petitioner to the EIC for a qualifying child.

Respondent argues that petitioner is not allowed the EIC, however, because petitioner did not prove that she made the income, specifically the $10,150 of self-employment income, to support the claimed EIC.

We found petitioner's testimony to be credible and sufficient to establish that she earned $10,150 of self-employment income through her nut picking to support the claimed EIC. This testimony is corroborated by an invoice which reports

that petitioner received income from nut picking during the year at issue.

In reaching our holdings herein, we have considered all arguments made, and to the extent not mentioned above, we conclude them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.