T.C. Summary Opinion 2004-115


UNITED STATES TAX COURT


DEBRA D. MCNAIR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7487-03S.                    Filed August 25, 2004.


Debra D. McNair, pro se.

Laurie A. Nasky, for respondent.


WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes and accuracy-related penalties under section 6662(a) as follows:

|  | | Penalties |
| Year | Deficiency | Sec. 6662(a) |
| 1999 | $5,280 | $739.40 |
| 2000 | 5,147 | 944.60 |

After concessions, the issues for decision for 1999 and 2000 are: (1) Whether petitioner is entitled to claimed dependency exemption deductions and related child tax credits; (2) whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business, with respect to her secretarial services business; and (3) whether petitioner is liable for accuracy-related penalties under section 6662.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When she filed her petition, petitioner resided in Richton Park, Illinois.

On her Federal income tax returns for 1999 and 2000, petitioner reported wages of $38,444 in 1999 and $42,005 in 2000 from her job as an administrative assistant at a law firm in Chicago, Illinois.

In her testimony petitioner disavowed most of the deductions claimed on her tax returns for 1999 and 2000. Petitioner's

returns contained numerous errors and claims for deductions to which she clearly was not entitled. Petitioner generally blamed her tax return preparer for the mistakes. She stated repeatedly during her testimony that she provided her tax return preparer with her tax documentation and other requested information, but that she was not given the opportunity to review her returns before the tax return preparer filed them electronically. She testified that she did not know of the inaccuracies in her returns until they were selected for examination. During the examination of her returns, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return for 1999, marked "For Information Only Do Not Process," with unsigned draft Forms 1040, Individual Income Tax Return, marked "Amended" for 1999 and 2000. None of these amended forms were filed. These draft documents were prepared by Sherwin Clark (Clark), to whom petitioner gave a power of attorney to represent her before the Internal Revenue Service. As explained further herein, these draft returns were used by petitioner and her representative in their administrative negotiations with respondent and in explaining concessions.

A. Dependency Exemption Deductions and Child Tax Credits

Petitioner was unmarried during the years in issue and filed her tax returns as head of household. Petitioner claimed dependency exemption deductions for her mother and three children (the children) who were not her biological children. Two of the

children, Shawnda Swain and Ebony Redmond, were the children of petitioner's niece. The other child, Tanisha Moore, was the child of a person petitioner described as a friend or "partner in crime" of her niece. Petitioner testified that Shawnda Swain and Ebony Redmond stayed with her for approximately 6 to 8 months in 1999 and 2000 and that Tanisha Moore lived with her for 5 to 6 months in 1999. Petitioner admitted that Tanisha Moore did not live with her in 2000 and that she should not have claimed a dependency exemption deduction for her in 2000.

In claiming the dependency exemption deductions for the children, petitioner incorrectly described her relationship to them. On her 1999 return, petitioner stated that Shawnda Swain and Tanisha Moore were her foster children and that Ebony Redmond was her son. On her 2000 return, petitioner incorrectly stated that Tanisha Moore was her daughter, that Shawnda Swain was her foster child, and that Ebony Redmond was her son.

In addition to the dependency exemption deductions, petitioner also claimed various child tax credits for Shawnda Swain, Ebony Redmond, and Tanisha Moore. On her 1999 return, petitioner claimed a credit for child and dependent care expenses of $960, a child tax credit of $889, and an additional child tax credit of $611. On her 2000 return, petitioner claimed a child tax credit of $1,076 and an additional child tax credit of $424.

By notice of deficiency, respondent allowed petitioner a dependency exemption deduction for her mother and permitted filing as head of household, but respondent disallowed the dependency exemption deductions and related child tax credits for the three children.

B.  Schedule C Deductions

Petitioner attached a Schedule C to each of her returns for 1999 and 2000 to reflect the results of the secretarial and administrative services business she conducted under the name of Debra's Secretarial Services.

Most of the receipts petitioner reported on Schedule C for 1999 were for administrative and secretarial tasks for the pastor of a church.  On her 1999 Schedule C, petitioner reported a net loss of $6,693 for Debra's Secretarial Services, based on gross income of $2,507 less deductions of $9,200.  The deductions consisted of the following expenses:  $205 for advertising, $4,752 for rented or leased vehicle expenses, $2,390 for repairs and maintenance, and $1,845 in supplies.  During the examination of her 1999 return, petitioner conceded that her 1999 Schedule C contained many errors, such as the deduction for leased vehicle expenses although petitioner admitted that she never leased a car in 1999.  As stated previously, with assistance from her authorized representative, Clark, petitioner prepared a draft amended 1999 return that was used for discussion and settlement

purposes but never was filed with the Internal Revenue Service. On her draft amended 1999 Schedule C, petitioner stated that she earned $400 of income in addition to the amount reported on her return as filed, and she claimed $5,436 in expenses, including $2,225 for mileage, $500 for tax preparation fees, $404 for postage, $1,845 in supplies, and $462 for a cellular telephone. This draft was petitioner's position at trial.

By notice of deficiency, respondent disallowed $8,367 of petitioner's claimed Schedule C expenses and determined an additional $400 of unreported income. The $833 in expenses allowed by respondent included $293 for transportation expenses (mileage from first job to second job), $75 for postage, $390 for supplies (including depreciation on a computer), and $75 for a cellular telephone. At trial the parties stipulated orally that the entire cost of the computer purchased in February 1999 was $2,349 and that this amount properly was deductible as petitioner's business expense in 1999 pursuant to section 179. Petitioner conceded the previously claimed deductions for "supplies" other than the amount stipulated as the cost of the computer and deducted pursuant to section 179.

On her 2000 Schedule C, petitioner reported a net loss of $4,400. Petitioner reported gross income of $900 less deductions of $5,300. The deductions consisted of $3,600 for rented or leased business property and $1,700 in repairs and maintenance.

Petitioner admitted that her 2000 return contained many errors, and with the assistance of her authorized representative, Clark, petitioner prepared a draft amended 2000 return to facilitate settlement. In the unfiled draft amended 2000 Schedule C, petitioner claimed $1,929 for transportation expenses (mileage from first job to second job), $500 in tax preparation costs, $215 for office expenses, $333 for supplies, and $356 for a cellular telephone. By notice of deficiency, respondent disallowed all but $90 of petitioner's Schedule C deductions. Respondent's determination of the business deductions allowed to petitioner for 2000 was equal to 10 percent of the gross receipts reported on petitioner's 2000 Schedule C. At trial petitioner admitted that she had no substantiation of her business expenses for 2000, except for a bill from her tax return preparer for $408. She conceded all deductions for business expenses in excess of those allowed in respondent's notice of deficiency, except for claims for deductions for business transportation expenses and for the tax return preparation bill.

## Discussion

In general, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a). Section 7491(a) does not apply in this case to shift the burden of proof to respondent. Petitioner has neither alleged that section 7491(a)

applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and cooperate fully with respondent's reasonable requests.

1. Dependency Exemption Deductions and Related Child Tax Credits

Section 151(c) provides for a dependency exemption deduction for each of a taxpayer's dependents as defined in section 152. Section 24(a) provides for a child tax credit with respect to each "qualifying child" of the taxpayer, and section 24(d) provides for an additional child tax credit for a taxpayer with three or more qualifying children. Section 24(c)(1)(A) defines the term "qualifying child" to mean any individual if the taxpayer is allowed a deduction under section 151 with respect to that individual for the taxable year, the individual has not reached the age of 17 at the close of the calendar year in which the taxpayer's taxable year begins, and the individual bears a relationship to the taxpayer specified in section 32(c)(3)(B). Section 21(a) authorizes a credit for employment-related expenses paid by the taxpayer to enable the taxpayer to be gainfully employed for a period during which there are one or more qualifying individuals with respect to the taxpayer. The term "qualifying individual" includes an individual under the age of 13 for whom the taxpayer is allowed a deduction under section 151. Sec. 21(b)(1).

Generally, to qualify as a dependent under section 151, an individual must (1) receive over half of his or her support from the taxpayer in the calendar year in which the taxpayer's taxable year begins and (2) must satisfy a relationship or member-of-household test as prescribed in section 152(a).  Sec. 152(a).  In general, a grandnephew, a grandniece, or an otherwise unrelated child may qualify as a dependent only if, for the taxable year of the taxpayer, that individual has as his or her principal place of abode the home of the taxpayer and is a member of the taxpayer's household.  Sec. 152(a)(9).  Section 1.152-1(b), Income Tax Regs., provides that an individual is treated as a member of the taxpayer's household under section 152(a)(9) only if he or she lives with the taxpayer and is a member of the taxpayer's household for the entire taxable year.  See Trowbridge v. Commissioner, 268 F.2d 208 (9th Cir. 1959), affg. per curiam 30 T.C. 879 (1958); Golden v. Commissioner, T.C. Memo. 1997-355.

Petitioner admits that neither Shawnda Swain, nor Ebony Redmond, nor Tanisha Moore lived with her for the entire taxable year in 1999 or 2000.  Accordingly, the children do not qualify as petitioner's dependents under section 152(a), and petitioner is not entitled to dependency exemption deductions or the related child tax credits for Shawnda Swain, or Ebony Redmond, or Tanisha Moore.

2. Schedule C Expenses

Section 162(a) allows a taxpayer to deduct ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  Generally, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any claimed deduction.  Rule 142(a); INDOPCO, Inc. v Commissioner, 503 U.S. 79, 84 (1992).  A taxpayer is required to maintain records sufficient to substantiate deductions that he or she claims on his or her tax return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

If a taxpayer cannot fully substantiate a business deduction, the Court generally may estimate the amount of certain expenses if the taxpayer provides sufficient evidence that he or she has incurred a deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, section 274(d) overrides the so-called Cohan rule for expenses incurred for travel or with respect to certain types of property such as a passenger automobile, a computer or peripheral equipment, or a cellular telephone or similar telecommunication equipment.  Under section 274(d), a deduction is not allowed unless the taxpayer is able to substantiate the expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement

establishing the amount, time, place, and business purpose of the expense.

Since petitioner has conceded that the Schedules C to her 1999 and 2000 tax returns as filed were filled with errors, we will not address the items from those original returns and will instead review whether petitioner is entitled to the revised items reported on the draft amended returns, on which she relied at trial.

For 1999, petitioner admitted that she underreported receipts on her amended Schedule C by $400, and we hold that her gross receipts are increased by this additional amount.  With respect to the deductions she claimed on her draft amended 1999 Schedule C, petitioner produced a very limited amount of supporting evidence.  Regarding her mileage deduction, petitioner testified that she drove to various training seminars and meetings with business contacts, and she produced photocopies of calendar entries to document dates, places and purposes of those trips.  The handwritten calendar entries show that petitioner traveled to St. Louis, Milwaukee, Detroit, and Toledo to attend courses in word processing and other document-production programs, civil litigation, legal writing, and electronic billing.  Petitioner did not produce certificates of attendance or receipts showing payment for these courses.  In the absence of sufficient substantiation, particularly in light of the strict

substantiation rules for business travel under section 274(d), we hold that petitioner is not entitled to a business travel allowance in excess of the $293 allowed by respondent.

In support of her claimed deduction for supplies, petitioner produced a receipt dated February 23, 1999, for purchase of a computer and inkjet printer for $2,348.98. Applying a 200 percent declining balance method of depreciation, respondent allowed petitioner a $390 deduction for "supplies", including computer depreciation in 1999. At trial the parties stipulated orally that petitioner was entitled to a deduction for the full $2,348.98 cost of the computer under section 179 for 1999. We consider the stipulation binding and hold that petitioner is entitled to the $2,348.98 deduction under section 179 for 1999 but that no other amount is allowable for "supplies".

Petitioner produced a $165 bill from Quick Refunds for the preparation of her 1999 tax return, but the bill did not itemize how much of the total bill was due to the preparation of her Schedule C. We allocate half the bill to preparation of petitioner's Schedule C, and we hold that petitioner is entitled to deduct $82.50 for tax preparation fees on Schedule C to her 1999 return. The balance of the tax return preparation fee is not deductible since petitioner claimed the standard deduction.

Petitioner did not have any receipts for expenses in excess of the $75 respondent allowed for the cellular telephone or the $75 in postage, and accordingly, we sustain respondent with respect to these matters.

With respect to her draft amended 2000 Schedule C, petitioner did not introduce any documentation except a bill from her tax return preparer in the amount of $408. As with her 1999 return, we hold that she is entitled to deduct half of that bill on her Schedule C for the cost of preparing her 2000 Schedule C. In addition, because of the lack of any further substantiation and because of petitioner's concessions, we sustain respondent's determination of petitioner's receipts.[1]

3. Accuracy-Related Penalties

Section 6662 provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax due to negligence or disregard of rules or regulations. "Negligence" is defined as any failure to make a reasonable

---

[1] Petitioner conceded the claim for education credits set forth on her tax return for 2000. During the hearing of this case, petitioner conceded her claim for education expense deductions for 2000, and that concession negates any claim for education credits. In any event petitioner is not entitled to a Hope Scholarship Credit under sec. 25A(b) because she failed to show or even allege that she was a half-time student for any portion of 2000. Sec. 25A(b)(2)(B) and (3). Petitioner is not entitled to a Lifetime Learning Credit for 2000 because she failed to show that during 2000 she paid "qualified tuition and related expenses" within the meaning of sec. 25A(c)(1) and as defined in sec. 25A(f)(1).

attempt to comply with the provisions of the Internal Revenue Code and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

The accuracy-related penalty does not apply to any portion of an underpayment of tax if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith.  Sec. 6664(c)(1).  The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Good faith reliance on an accountant may in some circumstances satisfy the reasonable cause and good faith exception.  United States v. Boyle, 469 U.S. 241, 250-251 (1985); Weis v. Commissioner, 94 T.C. 473, 487 (1990); Peete v. Commissioner, T.C. Memo. 2004-31.  Where a taxpayer does not exercise due care in filing her returns and does not review the returns prior to filing, the fact that the returns were prepared by an accountant is no defense to the imposition of the section 6662(a) penalties.  Sandoval v. Commissioner, T.C. Memo. 2001-310, affd. 67 Fed. Appx. 252 (5th Cir. 2003).

In this case it is clear that petitioner did not exercise due care in the filing of her returns.  Petitioner did not review

her returns before they were filed and clearly did not make a reasonable effort to determine whether the returns were accurate before authorizing her tax return preparer to file them. Petitioner has not kept accurate records substantiating the deductions claimed on her returns, and she and her authorized representative testified that many of the deductions claimed on her returns were based upon estimates or simply were made up. Accordingly, we hold that petitioner is liable for the accuracy-related penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.