T.C. Summary Opinion 2012-75

UNITED STATES TAX COURT

PRINCESS G. MCLEOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11692-10S.                    Filed July 30, 2012.

<u>Caroline Delisle Ciraolo</u> and <u>Brandon N. Mourges</u>, for petitioner.

<u>Michael A. Raiken</u> and <u>Nancy M. Gilmore</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,824 in petitioner's Federal income tax for 2008. The issues for decision are whether petitioner is entitled to: (1) a dependency exemption deduction; (2) head of household filing status; (3) the child tax credit (CTC); (4) the additional CTC; and (5) the earned income credit (EIC).

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Maryland when the petition was filed.

During 2008 petitioner and her then boyfriend Wayne Smith[1] lived together at Mr. Smith's sister's house. On a Friday in May 2008 Kendra Sumpter left her

---

[1]Mr. Smith signed the petition as an additional petitioner. The notice of deficiency was issued only to petitioner; thus, Mr. Smith is not a petitioner in this case. As of April 30, 2010, and at the time of trial petitioner and Mr. Smith were married.

biological daughter K.S.[2] with Mr. Smith for the weekend. At the time Mr. Smith believed K.S. was his biological daughter.

Several days passed, and K.S. continued to stay with Mr. Smith and petitioner at Mr. Smith's sister's house. When after several weeks Ms. Sumpter did not return for K.S., petitioner and Mr. Smith began to look for new living arrangements for the three of them.

Petitioner and Mr. Smith found suitable accommodations--a two-bedroom, two-bathroom apartment with rent of $800 a month. When Ms. Sumpter left K.S. with Mr. Smith and petitioner, she did not leave her with anything but the clothes on her back. Petitioner and Mr. Smith busied themselves with taking care of K.S. and providing a home for the three of them.[3] They purchased clothing, food, bedding, and school supplies for K.S.; they also paid for medical care and enrolled her in school.

Mr. Smith was unemployed in 2008 and received Social Security benefits of $304 a month and Supplemental Security Income of $353 a month. Petitioner was employed and received wage income of $15,271 for 2008. Mr. Smith also received

---

[2]The Court redacts the names of minor children. See Rule 27(3).

[3]Petitioner's mother lived in the apartment for a few months in 2008. She supported herself and made no contributions to the household.

for a period near the end of 2008 cash assistance of $200 a month, food stamps of $130 a month, and medical assistance from the State of Maryland.

Ms. Sumpter did not return for K.S. until July 2008. She was accompanied by two men and attempted to forcibly remove K.S. from petitioner and Mr. Smith's apartment.

This is when the Maryland courts entered the tableau. Mr. Smith filed for a protective order against Ms. Sumpter. In July 2008 Mr. Smith filed for custody of K.S. Petitioner was a witness in the custody proceedings and testified that she and Mr. Smith contributed financially to the care of K.S. In January 2009 the Circuit Court for Baltimore City (circuit court) granted Mr. Smith temporary sole physical custody and temporary sole legal custody of K.S., ordered Ms. Sumpter to pay child support, and ordered Mr. Smith and Ms. Sumpter to appear with K.S. for a DNA test on February 12, 2009. The DNA test results excluded Mr. Smith from being K.S.'s biological father. In April 2009 the circuit court issued an order vacating its January 2009 temporary custody order, and K.S. was returned to the custody of Ms. Sumpter.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2008. At the time she filed her return, Mr. Smith still believed he was K.S.'s biological father. Petitioner reported her filing status as head of household. She

claimed a dependency exemption deduction for K.S. and reported that K.S. was her niece. She also claimed the CTC, the additional CTC, and the EIC.

Respondent issued petitioner a notice of deficiency for 2008 in which he changed petitioner's filing status to single and disallowed the dependency exemption deduction, the CTC, the additional CTC, and the EIC.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). The issues for decision in this case are legal issues; therefore, the Court need not decide who bears the burden of proof.

I.    <u>Dependency Exemption Deduction</u>

The dependency exemption deduction is the threshold issue here because the Court's decision concerning this issue affects petitioner's filing status and entitlement to the credits claimed for 2008.

The Code allows a deduction for the exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year. Sec. 151(c). Section 152(a) defines "dependent" as a qualifying child or a qualifying relative.

A.    <u>Qualifying Child</u>

Section 152(c)(1) provides that a qualifying child is an individual who bears a defined relationship to the taxpayer, who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, who meets certain age requirements, and who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

An individual bears a relationship to the taxpayer if, among other possibilities, the individual is the taxpayer's child. Sec. 152(c)(2)(A). The term "child" includes an individual who is an eligible foster child of the taxpayer. Sec. 152(f)(1)(A)(ii). The term "eligible foster child" for the purposes of subparagraph (A)(ii) means an individual who is placed <u>with the taxpayer</u> by an authorized

placement agency or by judgment, decree, or other order of any court of competent jurisdiction. Sec. 152(f)(1)(C).

Petitioner argues that K.S. qualifies as an eligible foster child for 2008 because she was "placed with" petitioner by an order of a court of competent jurisdiction--the circuit court--and because she meets the "spirit of the law".

Petitioner and Mr. Smith were not married at the time he was given custody of K.S. Petitioner's name does not appear on any of the custody documents. The complaint for child support and medical insurance, the temporary custody order, the consent judgment for child support, the earnings withholding order, the health insurance withholding order, and the order dismissing the countercomplaint for custody all list Mr. Smith as the sole plaintiff and Ms. Sumpter as the sole defendant. The circuit court awarded sole temporary physical custody and sole legal custody to Mr. Smith. At any time during 2008, had Mr. Smith taken K.S. to live elsewhere, petitioner would have had no legal rights to custody of or visitation with K.S. K.S. was never "placed with the taxpayer" by a court of competent jurisdiction as required for petitioner to be allowed to claim her as an eligible foster child.

Petitioner also relies on the definition of "foster child" in section 1.152-2(c)(4), Income Tax Regs., which states:

> For purposes of determining the existence of any of the relationships specified in section 152(a) or (b)(1), a foster child of an individual (if such foster child satisfies the requirements set forth in paragraph (b) of § 1.152-1 with respect to such individual) shall, for taxable years beginning after December 31, 1969, be treated as a child of such individual by blood.  For purposes of this subparagraph, a foster child is a child who is in the care of a person or persons (other than the parents or adopted parents of the child) who care for the child as their own child.  Status as a foster child is not dependent upon or affected by the circumstances under which the child became a member of the household.

 The pertinent phrase here is "if such foster child satisfies the requirements set forth in paragraph (b) of § 1.152-1 with respect to such individual".  Under section 1.152-1(b), Income Tax Regs., to meet the relationship test an individual must live with the taxpayer and be a member of the taxpayer's household during the <u>entire</u> taxable year.  There are also special circumstances not pertinent here where a taxpayer and the dependent will be considered as occupying the same household for the entire taxable year notwithstanding certain temporary absences.  <u>Id.</u>

K.S. began residing with Mr. Smith and petitioner in May 2008.  She lived with Ms. Sumpter for the first four months of 2008.  Mr. Smith saw K.S. at irregular intervals and at the whim of Ms. Sumpter during the first four months of 2008.  There was no custody agreement in place at that time dictating where and with whom K.S. was to reside.  K.S. was not temporarily absent from and therefore not a member of petitioner's household for the entire taxable year, making the rest of the

definition of a foster child in section 1.152-2(c)(4), Income Tax Regs., inapplicable to petitioner's argument.

K.S. is not related to petitioner as an eligible foster child, and, therefore, is not petitioner's qualifying child.

B.    Qualifying Relative

Although K.S. is not petitioner's qualifying child, the Court must also decide whether K.S. is petitioner's dependent as a qualifying relative.

Section 152(d) defines a "qualifying relative".  A qualifying relative must either satisfy one of the family relationships enumerated in the statute, sec. 152(d)(2)(A)-(G),[4] or be an individual who "for the taxable year of the taxpayer" has the same principal place of abode as the taxpayer and is a member of the taxpayer's household, sec. 152(d)(2)(H).

The regulations issued under section 152 clarify that the individual must live with the taxpayer for the entire taxable year to meet the definition of a qualifying relative.  Sec. 1.152-1(b), Income Tax Regs.;[5] see also Von Tersch v.

---

[4]The only one of these family relationships that K.S. could bear to petitioner is her child.  The Court has already found that K.S. is not petitioner's eligible foster child and, therefore, not her child.

[5]Sec. 1.152-1(b), Income Tax Regs., references sec. 152(a)(9).  Although sec. 1.152-1(b), Income Tax Regs., has not been amended to reflect changes in sec. 152

(continued...)

Commissioner, 47 T.C. 415, 422 (1967); Trowbridge v. Commissioner, 30 T.C. 879, 880 (1958), aff'd, 268 F.2d 208 (9th Cir. 1959); Golden v. Commissioner, T.C. Memo. 1997-355; Douglas v. Commissioner, T.C. Memo. 1994-519, aff'd without published opinion, 86 F.3d 1161 (9th Cir. 1996).

Although petitioner testified and submitted other evidence to prove that she provided more than one-half of K.S.'s support during 2008, the relative amount of that support is of no legal consequence. K.S. lived with petitioner only from May 2008 through December 2008. Because K.S. lived with petitioner for only eight months in 2008, she is not petitioner's qualifying relative.

The Court concludes that K.S. is neither petitioner's qualifying child nor her qualifying relative. Therefore, K.S. is not petitioner's dependent. Although the Court recognizes petitioner's generosity in caring for K.S. as her own child, petitioner is not entitled to a dependency exemption deduction for K.S. for 2008.

---

[5](...continued)
that were enacted by the Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, sec. 201, 118 Stat. at 1169, the Court notes that the language of former sec. 152(a)(9) has been carried over unchanged in current sec. 152(d)(2)(H). The Court concludes that the regulatory interpretation that "for the taxable year of the taxpayer" (as used in sec. 152(d)(2)(H)) means for the entire taxable year remains in force.

II.     <u>Head of Household Filing Status</u>

Pertinent here, section 2(b)(1)(A) defines "head of a household" as an unmarried individual who maintains as his or her home a household that constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child or any other dependent of the taxpayer, if the taxpayer is entitled to a deduction for the dependent under section 151.

The Court finds above that K.S. is not petitioner's qualifying child or qualifying relative. Therefore, petitioner did not have any dependents, and her correct filing status for 2008 was single.

III.    <u>CTC and Additional CTC</u>

Subject to limitations based on adjusted gross income, section 24(a) provides a credit with respect to each qualifying child of a taxpayer. A portion of the credit is refundable. Sec. 24(d). The refundable portion of the credit is commonly referred to as the additional child tax credit. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

Petitioner has no qualifying child within the meaning of section 152(c). Therefore, petitioner is not entitled to the CTC or the additional CTC.

IV.  EIC

Section 32(a)(1) allows an "eligible individual" the EIC against that individual's income tax liability.  Section 32(a)(2) provides limitations on the amount of the allowable credit based on certain percentages and amounts (as determined by section 32(b)).  Generally, the limitation amount is based on the amount of the taxpayer's earned income and whether the taxpayer has no qualifying children, one qualifying child, or two or more qualifying children, as defined in section 152(c).  Sec. 32(a), (b), and (c).

K.S. is not petitioner's qualifying child.  Therefore, petitioner is not entitled to the EIC in relation to her under section 32(a)(1).

Individuals without qualifying children, however, may be eligible for the EIC if their earned income is no greater than the phaseout amount the Code permits. Sec. 32(a)(1), (b)(2), (j)(1); see Rowe v. Commissioner, 128 T.C. 13, 15 (2007). Earned income for purposes of the EIC includes wages and net earnings from self-employment.  Sec. 32(c)(2); sec. 1.32-2(c)(2), Income Tax Regs.

Rev. Proc. 2007-66, sec. 3.07, 2007-2 C.B. 970, 973, lists the amounts used to determine the EIC for 2008 under section 32(b).  The revenue procedure lists the completed phaseout amount as $12,880 for an individual with no qualifying children.  Id.  The "completed phaseout amount" is the amount of adjusted gross

income (or, if greater, earned income) at or above which no credit is allowed.  Id.

Petitioner's adjusted gross income and earned income both exceeded the phaseout

amount of $12,880 for 2008.  Accordingly, she is ineligible to claim the EIC under

section 32(c)(1)(A)(ii) as an individual without a qualifying child for 2008.

V.     Conclusion

While the Court commends petitioner for caring for K.S., she does not meet

the legal requirements for claiming K.S. as a dependent.  Therefore, respondent's

determinations to deny petitioner a dependency exemption deduction for K.S., to

change petitioner's filing status from head of household to single, to deny petitioner

the CTC and additional CTC, and to deny petitioner the EIC for 2008 are sustained.

We have considered all of petitioners' arguments, and, to the extent not

addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.