T.C. Summary Opinion 2007-175

UNITED STATES TAX COURT

MALCOLM ELWOOD MCCLAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10870-00S.                    Filed October 17, 2007.

Malcolm Elwood McClain, pro se.

<u>Frederick J. Lockhart</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for the years at

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income tax of $40,017 for 1994, $3,446 for 1995, and $12,959 for 1997. Respondent also determined additions to tax under: Section 6651(a)(1) of $9,397.50 for 1994, $254.75 for 1995, and $1,448.55 for 1997; section 6651(a)(2) of $869.13 for 1997; and section 6654 of $175.09 for 1994 and $305.68 for 1997.

A substantial number of issues have been resolved and are listed in the stipulation of settled issues filed on October 25, 2006. In addition to their mutual agreements, the parties have made separate concessions: (1) Petitioner concedes that his basis in 30.8760 shares of certain Federal Express Corp. stock sold in 1994 is equal to one-half of the $2,154.34 gross proceeds; (2) petitioner concedes all deductions for dependency exemptions except those for his son, his daughter, and one Stacy Brown; (3) respondent concedes the additions to tax under section 6654 for 1994 and 1997; and (4) respondent concedes the addition to tax under section 6651(a)(2) for 1997.

The issues remaining for decision are whether petitioner: (a) Is entitled to deductions for dependency exemptions for his son and daughter for 1994, 1995, and 1997, and for one Stacy Brown for 1994 and 1995; (b) is entitled to losses from various activities reported on Schedules C, Profit or Loss From Business,

for all years; and (c) is liable for the addition to tax under section 6651(a)(1) for failure to file timely without reasonable cause for all years under consideration.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Colorado Springs, Colorado.

The parties agree that petitioner did not provide respondent with Federal income tax returns for 1994, 1995, and 1997 until after the notice of deficiency was issued. Petitioner claimed on the returns dependency exemption deductions for a number of individuals, including his son, his daughter, and for 1994 and 1995, an individual named Stacy Brown. Petitioner's son and daughter were both over the age of 19 in 1994. Neither was a full-time student during the years 1995 through 1997. Both of his children filed tax returns for the years at issue claiming personal exemptions for themselves.

In or around 1993, petitioner retired on disability from his job in computer operations with Federal Express. Petitioner bought 5 acres of land, originally zoned as agricultural but subsequently rezoned as rural/residential. During the years under consideration, petitioner lived on his property in a mobile home, a 1976 Eaton Park double-wide.

Schedule C Activities

Petitioner attached to his tax returns Schedules C, claiming losses from five different activities: (1) Automobile restoration for all 3 years, (2) "Board and Room Rental" for all 3 years, (3) timber and firewood sales for 1994, (4) health food sales and "resort" for 1994 and 1995, and (5) oil and gas for 1997.

Automobile Restoration

Petitioner bought several automobiles with the expectation of restoring and selling them. After the rezoning of his real estate, however, the county "raised a fuss" about the cars and certain building materials he maintained on his property. As a result, in 1994 or 1995 petitioner was forced to dispose of his cars, machine tools, parts, trailers, and "a good part" of his building materials.

Petitioner had an unrestored 1967 Dodge Dart and a 1952 Chevy pickup truck that he sold at auction. In 1994, he traded a 1979 Dodge "window van" for two electric motors, a compressor, three "windows with aluminum frames", and some machine tool equipment. In that same year petitioner allowed an individual to remove parts from three nonrunning vehicles in return for an electric hammer drill before he sent the vehicles to the auto wrecking yard. Another transaction in 1994 included the sale of a Chevy Chevette for $25 plus sales tax of 75 cents.

Board and Room Rental

Petitioner's mobile home has three bedrooms. He also converted an attached heated porch into a bedroom. Petitioner allowed to stay with him individuals who were friends of his son or daughter or who had previously stayed with him. Some were minors. Sometimes as many as seven people lived with him, including his son and daughter. There were sometimes two or three persons to a bed. His guests were people "who had been in some sort of misfortune or down and out with nowhere to go." As it turned out, many of petitioner's guests were using drugs. They did not, with a few exceptions, pay any rent or do any work to compensate petitioner for their room and board.

Petitioner, on his Schedule C for board and room rental, checked the box for "other" method of accounting and wrote in "rent accrued". Under petitioner's "rent accrued" method, he kept a running total of the amounts that he thought should have been paid by each individual. In the case of Stacy Brown, petitioner shows an "accrual" of $7,293.16 for 1994, but it includes unpaid amounts from 1992 and 1993. The "accruals" do not reflect amounts that may have been paid by work or cash during the respective years. For 1994 and 1997, petitioner claimed bad debt deductions for unpaid rent. Petitioner used a method other than the accrual method for his expenses.

Other Schedule C Activities

There were no sales of timber or firewood with respect to petitioner's timber and firewood sales activity for 1994, because "the thing fell apart". His "venture capital" health food and resort enterprise "never got off the ground." The only items in petitioner's possession to show his involvement in an oil and gas venture were copies of two uncleared checks that he showed to respondent's counsel before trial.

## Discussion

The Commissioner's deficiency determinations are presumed correct, and taxpayers generally have the burden of proving that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under certain circumstances, however, section 7491(a) may shift the burden to the Commissioner with respect to a factual issue affecting liability for tax. Petitioner did not present evidence or argument that he satisfied the requirements of section 7491(a), and, therefore, the burden of proof does not shift to respondent.

Deductions for Dependency Exemptions

Petitioner argues that he is entitled to dependency exemption deductions for his son and daughter for the years at issue and for Stacy Brown for 1994 and 1995.

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each dependent as defined in section 152 whose

gross income is less than the exemption amount. A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins and more than half the dependent's support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1). The age limit is increased to 24 if the child was a student as defined by section 151(c)(4). Sec. 151(c)(1)(B).

Petitioner testified that both his children were over the age of 19 in 1994. Neither was a full-time student as defined by section 151(c)(4) during the years 1994 through 1997. Therefore, neither qualifies as a dependent under section 151(c)(1)(B) for any of the years at issue.

Petitioner claims Stacy Brown as a dependent for 1994 and 1995. Petitioner also claims her to have been a renter who owed him for room and board for those same years. He claimed a bad debt deduction for that "debt". See discussion infra.

A dependent is defined as an individual over half of whose support for the year was received from the taxpayer or is treated as having been received from the taxpayer. Sec. 152(a). In order for petitioner to establish that he provided more than half of the support of Stacy Brown, he must first show by competent evidence the total amounts of support she received from all sources for the years at issue. See Blanco v. Commissioner, 56

T.C. 512, 514 (1971).  Petitioner has not provided evidence of the total amount of support provided for Stacy Brown for either year at issue, except for his own testimony.  He testified that he provided all her room and board and other support.  The Court is not required to accept petitioner's self-serving testimony, particularly in the absence of corroborating evidence.  See Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961), affg. 34 T.C. 845 (1960).

It is not necessary under section 152(a)(9) that an individual be related to the taxpayer to qualify as his dependent.  However, in order for an unrelated individual to qualify as a dependent under section 152(a)(9), such individual must live with the taxpayer and be a member of the taxpayer's household throughout the entire taxable year of the taxpayer. Trowbridge v. Commissioner, 268 F.2d 208, 209 (9th Cir. 1959), affg. per curiam 30 T.C. 879 (1958); McMillan v. Commissioner, 31 T.C. 1143, 1145-1146 (1959); sec. 1.152-1(b), Income Tax Regs.

Petitioner offered no evidence that Stacy Brown was a member of his household for the entire year of 1994 or 1995 except for his own testimony.

The Court finds that petitioner has not shown that he is entitled to a dependency exemption deduction for Stacy Brown for 1994 or 1995.

Schedule C Activities

Petitioner provided to respondent, for the years under consideration, Schedules C for five different activities that petitioner claims were operated as businesses. Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business. Deductions are allowed under section 212(1) and (2) for expenses paid or incurred in connection with an activity engaged in for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income.

Petitioner, in order to show that he was engaged in a trade or business, must show not only that his primary purpose for engaging in the activity was for income or profit but also that he engaged in the activity with "continuity and regularity". Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

With respect to either section, however, the taxpayer must demonstrate a profit objective for the activity in order to deduct associated expenses. See Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976); sec. 1.183-2(a), Income Tax Regs. The profit standards applicable for section 212 are the same as those

used for section 162.  See Agro Science Co. v. Commissioner, 934 F.2d 573, 576 (5th Cir. 1991), affg. T.C. Memo. 1989-687; Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988); Allen v. Commissioner, 72 T.C. 28, 33 (1979); Rand v. Commissioner, 34 T.C. 1146, 1149 (1960).

Whether the required profit objective exists is to be determined on the basis of all the facts and circumstances of each case.  See Hirsch v. Commissioner, 315 F.2d 731, 737 (9th Cir. 1963), affg. T.C. Memo. 1961-256; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs.  While a reasonable expectation of profit is not required, the taxpayer's objective of making a profit must be bona fide.  See Elliott v. Commissioner, 84 T.C. 227, 236 (1985), affd. without published opinion 782 F.2d 1027 (3d Cir. 1986).  In making this factual determination, the Court gives greater weight to objective factors than to a taxpayer's mere statement of intent.  See Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472; Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., sets forth nine nonexclusive factors that should be considered in determining

whether a taxpayer is engaged in a venture with a profit objective. They include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits that are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved.

No single factor is controlling, and the Court does not reach its decision by merely counting the factors that support each party's position. See Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980); sec. 1.183-2(b), Income Tax Regs. Rather, the facts and circumstances of the case are determinative. See Golanty v. Commissioner, supra at 426.

Automobile Restoration

The only evidence petitioner presented to establish that he operated an automobile restoration activity was a couple of receipts showing trades of vehicles for unrelated items and the sale of unrestored vehicles. Petitioner also provided evidence that he had advertised for sale a 1974 Toyota. It appears from

his testimony that he was forced to dispose of his automobiles and some equipment because the property where he lived was rezoned by the county. It does not appear that petitioner ever started his activity of restoring automobiles. Startup or preopening expenses are not deductible under either section 162 or section 212. Hardy v. Commissioner, 93 T.C. 684 (1989); Goodwin v. Commissioner, 75 T.C. 424, 433 (1980), affd. without published opinion 691 F.2d 490 (3d Cir. 1982); Polachek v. Commissioner, 22 T.C. 858, 863 (1954). Deduction of such expenses, even if substantiated, is specifically denied by section 195(a).

Board and Room Rental

The evidence, including petitioner's testimony, leads the Court to conclude that petitioner did not conduct his room and board activity primarily with the objective to make a profit. Petitioner seems to have allowed minors and others to stay in his mobile home on the basis of his perception of their needs and their friendship with his son or daughter. Most of the individuals were allowed to stay with him without paying rent or board in any form. Petitioner's description of his guests as people "who had been in some sort of misfortune or down and out with nowhere to go" strongly suggests to the Court that profit was not the primary purpose for his room and board activity. Petitioner is clearly a caring and generous person, but this

activity was conducted neither for profit nor as a business operation.

## Other Schedule C Activities

There were no sales of timber or firewood with respect to petitioner's timber and firewood sales activity for 1994 because "the thing fell apart". His "venture capital" health food and resort enterprise "never got off the ground." The only items in petitioner's possession to show his involvement in an oil and gas venture were copies of two uncleared checks that he showed to respondent's counsel before trial. These three activities appear never to have reached the operational stage. As with petitioner's automobile restoration activity, startup or preopening expenses are not deductible under either section 162 or section 212. Hardy v. Commissioner, supra; Goodwin v. Commissioner, supra at 433; Polachek v. Commissioner, supra at 863. Deduction of such expenses, even if substantiated, is specifically denied by section 195(a).

## Additions to Tax Under Section 6651(a)

Respondent bears the burden of production with respect to any addition to tax. Sec. 7491(c). In order to meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

The parties agree that petitioner did not file timely Federal income tax returns for 1994, 1995, and 1997. Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing his return timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra; sec. 301.6651-1(a)(1), Proced. & Admin. Regs.

Petitioner argues that he was unable to file timely returns because of health problems and lost computer data. Petitioner provided the Court with a "Problem List" of 29 health items that he alleges contributed to his inability to file his Federal income tax returns timely. When asked why he did not hire someone to prepare his returns for him, petitioner replied: "I just don't commit to things I can't pay for." Petitioner, however, testified that he invested $15,000 by check in his oil and gas activity. The Court finds that petitioner willfully neglected to file timely his Federal income tax returns for the years at issue. Respondent's determination that he is liable for the additions to tax under section 6651(a)(1) is sustained.

To reflect the foregoing,

Decision will be

entered under Rule 155.