T.C. Summary Opinion 2012-6


UNITED STATES TAX COURT


EDWIN DAVILA, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1614-11S.                    Filed January 10, 2012.


Edwin Davila, Jr., pro se.

<u>Rose E. Gole</u>, for respondent.


GALE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as in effect for the taxable year in issue.

Respondent determined a deficiency in petitioner Edwin Davila, Jr.'s (Mr. Davila) 2009 Federal income tax of $6,464.

The issues for decision are whether, with respect to the two minor children of his cousin, Mr. Davila was entitled for 2009 to: (1) Two exemptions for dependents; (2) a child tax credit; (3) an earned income tax credit; and (4) "head of household" filing status. We conclude that he was not entitled to any of the foregoing.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition was filed, Mr. Davila resided in New York.

Mr. Davila's first cousin and her two minor children, born in 2002 and 2007, lived with him from approximately May to December of 2009. In addition to housing, he provided certain other necessities for his cousin and her children during this period. Mr. Davila's cousin had moved herself and her children in with Mr. Davila in May 2009 because she feared for her safety from her estranged husband if she remained in her own residence.

On his 2009 Federal income tax return, Mr. Davila reported taxable income from wages, salaries, or tips of $25,728 and claimed both of his cousin's children as dependents, and with respect to the children also claimed a child tax credit, an

earned income tax credit, and head of household filing status. Respondent issued a notice of deficiency to Mr. Davila in which he determined that Mr. Davila was not entitled to any of the foregoing.

## Discussion

### Personal Exemption

In addition to a personal exemption for himself, Mr. Davila claimed personal exemptions with respect to two dependents, which respondent disallowed. Section 151(c) provides for a personal exemption for each individual who is a dependent, as defined in section 152, of the taxpayer for the taxable year. A "dependent" means a qualifying child or a qualifying relative. Sec. 152(a).

A "qualifying child" means an individual who, among other requirements, bears a relationship to the taxpayer that is enumerated in section 152(c)(2); namely, the individual is a child of the taxpayer or descendant of such a child; or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant thereof. The children Mr. Davila claimed as dependents are the offspring of his cousin. Consequently, they do not have any of the foregoing family relationships with him and accordingly neither is a "qualifying child" for purposes of section 152. Thus, the children are not Mr. Davila's dependents by virtue of either's being a "qualifying child".

Section 152(d) defines a "qualifying relative". A qualifying relative must either satisfy one of the family relationships enumerated in the statute, sec. 152(d)(2)(A)-(G),[2] or be an individual who "for the taxable year of the taxpayer" has the same principal place of abode as the taxpayer and is a member of the taxpayer's household (meaning that the individual receives more than one-half of his support from the taxpayer), sec. 152(d)(2)(H). The regulations issued under section 152 clarify the requirement that an individual who does not satisfy one of the enumerated family relationships must live with the taxpayer for the entire taxable year to meet the definition of a qualifying relative. Sec. 1.152-1(b), Income Tax Regs.;[3] see also Von Tersch v. Commissioner, 47 T.C. 415, 422 (1967); Trowbridge v. Commissioner, 30 T.C. 879, 880 (1958), affd. 268

---

[2]The enumerated relationships for a qualifying relative are, with respect to the taxpayer:  (1) A child or a descendant of a child; (2) a brother, sister, stepbrother, or stepsister; (3) the father or mother, or an ancestor of either; (4) a stepfather or stepmother; (5) a son or daughter of a brother or sister of the taxpayer; (6) a brother or sister of the father or mother of the taxpayer; or (7) a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law.

[3]Although sec. 1.152-1(b), Income Tax Regs., has not been amended to reflect changes in sec. 152 that were enacted by the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169, we note that the language of former sec. 152(a)(9), which is interpreted in sec. 1.152-1(b), Income Tax Regs., and the caselaw cited above, has been carried over unchanged in current sec. 152(d)(2)(H).  We thus conclude that the regulatory interpretation that "for the taxable year of the taxpayer" (as used in sec. 152(d)(2)(H)) means for the entire taxable year remains in force.

F.2d 208 (9th Cir. 1959); Golden v. Commissioner, T.C. Memo. 1997-355; Douglas v. Commissioner, T.C. Memo. 1994-519, affd. without published opinion 86 F.3d 1161 (9th Cir. 1996).

The parties focused their dispute at trial on whether Mr. Davila had provided more than one-half of the support for his cousin's children in 2009. However, the relative amount of Mr. Davila's support is of no consequence, given that it is undisputed that the children resided with Mr. Davila for less than the entire taxable year during 2009. The children's partial-year residency with Mr. Davila precludes the status of either as a "qualifying relative" under section 152(d)(2)(H), and they do not satisfy any of the family relationships listed in section 152(d)(2)(A)-(G). Consequently, neither of the children is a "qualifying relative" within the meaning of section 152(d)(2).

Because neither of the children at issue is a "qualifying child" or a "qualifying relative" within the meaning of section 152(c) or (d), they are not Mr. Davila's dependents and he accordingly is not entitled to the two personal exemptions he claimed with respect to them for 2009.

Child Tax Credit

Mr. Davila claimed a child tax credit under section 24 with respect to two children, which respondent disallowed. Section 24 allows a tax credit with respect to any qualifying child of the

taxpayer. A "qualifying child" for this purpose means a "qualifying child" as defined in section 152(c). Sec. 24(c). As we have concluded that neither of the children at issue is a "qualifying child" as defined in section 152(c), Mr. Davila is not entitled to a child tax credit for 2009.

Earned Income Tax Credit

Mr. Davila claimed an earned income tax credit under section 32 on the basis of his having two qualifying children. Respondent disallowed the entire tax credit.

The earned income tax credit is phased out depending on the amount of the taxpayer's "earned income" as defined in section 32(c)(2) and on whether the taxpayer has one or more qualifying children.[4] Sec. 32(b). Generally, "earned income" means the sum of the taxpayer's wages, salaries, tips, other employment compensation, and earnings from self-employment that is includable in gross income for the taxable year. See sec. 32(c)(2). The tax credit is increased for one or more qualifying children. See sec. 32(b). A "qualifying child" for this purpose generally means a "qualifying child" as defined in section 152(c). Sec. 32(c)(3).

Mr. Davila had "earned income" within the meaning of section 32(c)(2) of $25,728 for 2009. As we have concluded that neither

---

[4]For 2009, the credit is completely phased out for taxpayers with no qualifying children and earned income at or above $13,440. Rev. Proc. 2008-66, 2008-45 I.R.B. 1107, 1111.

of the children at issue is a "qualifying child" as defined in section 152(c), and given that Mr. Davila's earned income exceeds the $13,440 figure at which the credit is phased out for a taxpayer with no "qualifying child", he is not entitled to any earned income tax credit for 2009.

Head of Household Filing Status

Mr. Davila claimed head of household filing status; respondent determined that his filing status was single for 2009. Section 1(b) imposes a tax rate schedule for an individual who is a "head of household" as defined in section 2(b). An individual qualifies as a head of household if, inter alia, he maintains as his home a household which constitutes the principal place of abode of a "qualifying child" as defined in section 152(c) or a "dependent" under section 151. Sec. 2(b)(1). As we have concluded that neither of the children is either a "qualifying child" as defined in section 152(c) or otherwise a "dependent" under section 151 (as defined in section 152), Mr. Davila is not entitled to claim head of household filing status for 2009. We therefore sustain respondent's determination that Mr. Davila's filing status for 2009 was single.

To reflect the foregoing,

Decision will be entered for respondent.